### Federal Insurance Company v. Purvis Brothers.

(Decided December 18, 1925.)

### Appeal from Franklin Circuit Court.

1. Insurance—Additional Insurance Produced by Tobacco Grower Held Not to Void Policy.—Where plaintiffs procured fire insurance on tobacco crop hanging in barn of grower thereof, other prior insurance issued to them at instance of grower payable to plaintiffs and grower as their interest might appear, existence of which was unknown to plaintiffs, held not to violate policy provision that it should be void if insured now have or shall hereafter procure any other contract of insurance.

2. Insurance—Insurance Taken Out by Tobacco Grower Without Knowledge of Plaintiffs Held Not Within Prohibitions of Policy.— Where plaintiffs procured fire insurance policy on tobacco hanging in barn of growers thereof, procuring of insurance thereon by grower without knowledge of plaintiffs held not to affect clause in plaintiff's policy providing that in case of loss insurer shall not be liable for greater proportion thereof than amount insured shall bear to the whole insurance.

3. Insurance—Instructions Held Fairly to Submit Controversy.—In action on fire insurance policy covering tobacco in barn of grower thereof, instruction to find for insured an amount equal to three-fourths of value of what jury believed was fair market value of tobacco at time of fire, but in no event should it exceed sum of $150 per acre for number of acres tobacco was grown on, considering the one-half interest of plaintiff's, and in no event should verdict be for more than amount stated in policy, held fairly to submit issue of three-fourths clause in controversy.

4. Insurance—Verdict for Limit of Policy Held Supported by Sufficient Evidence.—Where insurer's liability on fire insurance policy for tobacco was limited to $150.00 per acre, in action thereon for total loss of tobacco hanging in barn, evidence that there was 16,000 or 17,000 pounds of tobacco burned of reasonable value of

25 cents per pound, of which plaintiffs claimed one-half interest, and that it was grown on 16 acres of land, held to support verdict for $1,125.

MORRIS & JONES for appellant.

POLK SOUTH, JR., for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is an action on a fire insurance policy dated December 4, 1923, issued by the Federal Insurance Company to Purvis Brothers for $1,125.00, covering a crop of tobacco grown during the year 1923, hanging in a tobacco barn on the farm of J. D. and Joe Rogers, in Woodford county, not far from Versailles. A fire of unknown origin destroyed the tobacco on December 26th, while the policy was in full force and effect. The policy contained a three-fourths value clause, lightning clause and also contained this provision:

"It is a further condition of this insurance that in no event shall this company be liable on tobacco for a greater amount than $150.00 per acre, actual survey of the lands upon which the tobacco is grown. This survey to be made at the expense of the assured upon the request of this company."

This clause is also a part of the policy contract:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

Within due time the insured offered proof of loss, but the company declined to pay the policy, and this suit resulted.

The answer admits the issual of the policy to appellees but avers that the crop of tobacco did not consist of 8,000 pounds or any greater number of pounds than 4,000 pounds; and denied that the tobacco was of the value of $1,600.00, or of any greater value than $500.00. The second paragraph of the answer affirmatively pleaded that the tobacco was destroyed by the fraudulent, gross recklessness and carelessness of the plaintiffs, or was in-

tentionally destroyed or caused to be destroyed by them for the fraudulent purpose of collecting the insurance. The third paragraph of the answer pleaded a violation of the terms of the policy by appellees in this, that they had taken out additional insurance on the same tobacco in another company, for which reason the answer averred the policy sued on was void. The fourth paragraph of the answer pleaded that appellees had furnished appellant proof of loss by which they had attempted to establish the value of the tobacco lost at $1,200.00 when it was only of the value of $500.00, and relied upon a provision of the policy to the effect that the policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance of the subject matter.

The fifth paragraph of the answer pleaded the clause of the policy above copied with reference to the $150.00 per acre limitation, and averred that in consequence of that limitation and the fact that appellees had only 4.78 acres in tobacco, the company's liability could in no event exceed $717.00. Issue was joined by reply. A jury was impaneled and heard the evidence, and after receiving the instructions of the court, returned a verdict for the plaintiff in the sum of $1,125.00, the full face of the policy, and the company appeals.

To obtain a reversal of the judgment appellant first insists that the verdict of the jury is flagrantly against the weight of the evidence; second, that where a policy of insurance provides, as in the case before us, that the company shall not be liable for a greater proportion of the loss than the amount of the insurance bears to the total insurance, the loss should be shared proportionately between all policyholders; and third, the jury was not properly instructed as to the law of the case, the court failing to limit the finding to a verdict of one-half of three-fourths of the actual cash value of the property destroyed, and in no event to exceed $150.00 per acre, as ascertained by a survey of the land on which the tobacco was grown; and the court further failed to instruct the jury that in no event could it find for the plaintiff any greater amount than the policy sued on bears to the total amount of insurance on the tobacco at the time.

We will consider all these different grounds in the course of this opinion. The record shows that on October 6, 1923, almost two months before the date of the

policy sued on, the Springfield Fire and Marine Insurance Company, through its agent at Versailles, issued a policy of fire insurance on the tobacco in question to John, Edgar and Omas Purvis, appellees herein, at the instance of Jack D. Rogers, one of the landlords, payable to the assured and Jack D. Rogers as their interest may appear and which policy was delivered by the agent of the insurance company to Jack D. Rogers, and held by him. It further appears that this policy was issued at a time when neither of the assured was present and only at the instance and request of Jack D. Rogers, and that appellees did not in fact know of the existence of the policy, although it appears that Rogers had told them that he wanted to take out insurance upon the tobacco to cover a small indebtedness which they owed him. The policy issued in the manner set forth did not violate the terms of the policy sued on, saying, "This policy, unless otherwise provided by agreement, . . . shall be void if the insured now has or shall hereafter make or procure any other contract of insurance," for the insured did not have any such policy at the time of the issual of the policy sued on; nor did they thereafter make or procure any other contract of insurance upon the tobacco. For a like reason the clause of the policy providing that "in case of loss the company shall not be liable for a greater proportion of the loss than the amount insured in the policy shall bear to the whole insurance," does not affect the rights of the parties litigant. The policy for $250.00 taken out by the landlord without the knowledge of the assured, but really for his own use and benefit, does not come within the terms of the prohibition of the policy sued on.

The court said to the jury:

"The court instructs the jury to find for the plaintiff an amount equal to three-fourths of the value of whatever the jury may believe from the evidence, was a fair market value of the tobacco in the condition it was in and in the place it was at the time of the fire on December 26, 1923, but in no event shall the jury exceed the sum of $150.00 per acre for the number of acres the said tobacco was grown on, considering the one-half interest of plaintiffs, and in no event shall the verdict be for more than $1,125.00, the amount stated in the policy."

This instruction seems to have properly submitted not only the three-fourths clause of the policy but the fair market value of the tobacco at the time of the fire as well as the $150.00 per acre clause of the policy, and the one-half interest of the appellees, and make it all subject to the limitation of $1,125.00, the amount of the policy. This instruction, we think, fairly submitted the question of fact which it attempted to cover.

Appellant seriously insists, however, that the verdict is contrary to the evidence, is flagrantly against it upon the amount of tobacco lost and the acreage from which it was taken. In proof of loss appellees stated the sound value at $1,800.00, total loss at $1,800.00; that there was 16,000 or 17,000 pounds of tobacco burned of the reasonable value of twenty-five cents per pound. But they claimed only one-half interest in the tobacco, the other one-half belonging to the landlord, the acreage upon which the tobacco was grown being stated at sixteen (16). Rogers Brothers are big tobacco growers in Woodford county and have a large acreage of land and generally have a number of tenants growing tobacco. In preparation for trial of this case the appellant company, through its agent, employed a civil engineer to survey and ascertain the acreage cultivated in tobacco by appellees, and this the engineer found to be a fraction less than 10 acres; but his evidence discloses that neither appellees nor the landlord were present at the time the lands were surveyed and that neither of them pointed out to the surveyor the land cultivated in tobacco by appellees upon the farm for that year. The engineer testified, however, that another person pointed out to him the land which he represented to be that which was cultivated in tobacco by appellees, but the engineer did not know whether that was correct or not. The boundary surveyed by him, however, was less than ten acres. On the other hand, appellees testified and proved by at least one other witness that the acreage cultivated by them in tobacco on the Rogers farm for that year, and which tobacco was housed in the barn that was burned, amounted to fifteen or sixteen acres. Based upon fifteen (15) acres, one-half of it belonging to appellees, the crop rated at $150.00 per acre, would figure exactly $1,125.00, the amount of the insurance policy. There was evidence sufficient to support the verdict of the jury if the jury was satisfied with the credibility of the witnesses, and that is evidenced by its ver-

dict in favor of appellees. Certainly the verdict was not flagrantly against the evidence.

Judgment affirmed.